HaweiNS, J.,
delivered the opinion of the Court.
*512 Xfc is admitted the deed from the complainant to the defendant, of the 6th of May, 1852, although absolute on its face, was, by the agreement of the parties, contemporaneous with its execution, converted into a mortgage, by which the relations of trustee and cestui que trust were established between the parties.
But it is insisted by the defendant, that he subsequently purchased from the complainant, his interest in the land, and thereupon the agreement betweeif them, by which the deed of the 6 th of May was converted into a mortgage, was rescinded, and the relation of trustee and cestui que trust, dissolved. This, it is argued, could not be done, but we think differently. The cestui que trust may; sell the trust property to the trustee, and the trustee may thus acquire a right to the property denuded of the trust, provided it can be shown, by clear and satisfactory proof, that the transaction was fair, without concealment or Imposition, and that the cestui que trust intended to part with his interest, and that the same should be acquired by the trustee; and in such cases the transaction will be held valid. We think the proof in this case, does show satisfactorily, that had the transaction as set up and insisted upon in the answer, actually taken place, that it would have been free from any imputation of fraud in law, or in fact; but we have searched 'in vain for the evidence to sustain the allegation in the answer, that the defendant, after the execution of said deed of May the 6th, 1852, did purchase from the complainant his interest in the *513 land. The fact that in 1853, the complainant transferred to the defendant, the title bond of Nelson, may have been in furtherance of the original agreement, or in pursuance of some subsequent arrangement between the parties, entirely consistent with the original agreement, and alone for the purpose of enabling the defendant, upon the payment of the outstanding purchase money, due Nelson from complainant, for the land, to perfect his legal title to the land, the more effectually to carry out and accomplish the purpose and ends intended by the original transaction.
The fact that the written defeasance, signed by the parties at the time of the execution of the deed, containing the agreement, by which the deed was converted into a mortgage, is in possession of the defendant, without any explanation whatever, showing by what means, where or for what purpose, the same came to his possession, cannot be regarded as evidence of the purchase by him, of complainant’s interest in the lands, as cestui que trust, or of a recision of the terms of the agreement. The paper contains mutual obligations with reference to the land, and hence may as well have been deposited with the defendant for safety, or the protection of his rights, as elsewhere. He says, in his answer, it was originally placed in the hands of one Menifee, but Menifee says he .has no recollection of any such paper.
But, it is insisted, the fact that complainant, executed his note to the defendant, in 1853, and on the same day he transferred the title bond, for $1,000, *514 or “sale of land payment,” is evidence of the grounds of defense set up in the answer. We do not think so. It is stated in the hill, the same was given as a bonus to the defendant, for the use of his credit, and by.way of compensation for his trouble. The defendant, in his answer, which is not sworn to, denies this allegation in the bill, and says it was for the difference between the same, which he gave for the land, being $7,000, and the sum for which he was himself liable, and the additional sum which must be paid, to perfect his title to the land, amounting to $8,000. How this may have been., does not very clearly appear, but the fact itself cannot be regarded as evidence of a sale by complainant to defendant, and all it does show, is, that at that time, the parties had some transactions to which it related; but the character of that transaction is not shown.
All these facts, unexplained, as they are, fall far short of establishing the fact, that the defendant had purchased from the • complainant his interest in the land, or that the agreement entered into, at the time of the execution of the deed, had been rescinded. It appears that the defendant sold the land in 1856, and he must be held liable as trustee; and as such, charged with the proceeds of the sale, or the cash value thereof, at the time the same was received; also, with the rents and profits of the land, during the time he may have had the same in possession, with interest. He will be credited with all such sums, as he may have paid in and about his said trust; also, with the value of all such perma *515 nent improvements as he may have • placed upon the land; also, with the amount of his necessary expenses in and about the execution of said trust,, including a just compensation for his services, with interest; and this cause will he remanded to the Chancery Court at Murfreesboro’, for an account, and such further orders as may be necessary.